UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES TERRELL *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> LIBERTY INSURANCE CORP., <br><br> *Defendant*. | Civil Action No. 25-563 (TJK) |

## MEMORANDUM ORDER

Rev. Dr. James E. Terrell and Judge (Ret.) Mary Terrell sued their insurer, Liberty Insurance Corporation, for failure to fully repair their home as allegedly mandated by their insurance policy. They bring one count for breach of contract and another for bad faith. Liberty Insurance moves to dismiss the latter claim, as well as their requests for punitive damages and attorneys' fees. The Court agrees that the Terrells may not bring an independent tort claim for bad faith because District of Columbia law does not recognize such a claim, and the Terrells' remaining claim for breach of contract does not support a request for punitive damages. But the Terrells' request for attorneys' fees is not similarly subject to dismissal. Thus, the Court will grant Liberty Insurance's motion in part and deny it in part.

### I. Background

According to the Terrells' complaint, they reside and own a home in the District of Columbia. ECF No. 1-2 ¶¶ 5–6.[1] On New Years Day 2022, an electrical panel in their home started a

---

[1] In their brief in opposition to Liberty Insurance's partial motion to dismiss, the Terrells provide an additional statement of facts that purports to add detail to their complaint. *See* ECF No. 9 at 2–4. But "[i]n determining whether a complaint fails to state a claim," the Court may consider "only the facts alleged in the complaint." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also* Fed. R. Civ. P. 12(d) (explaining that taking into

fire; though there was structural damage to the home, no one was harmed. *Id.* ¶¶ 12–18. The next day, the Terrells filed a claim with Liberty Insurance for their losses under their home insurance policy, which insured them "against risk of direct loss" to their dwelling. *Id.* ¶¶ 20–21 (quoting ECF No. 1-3 at 12, 17). Liberty Insurance assigned agents to survey the damage, remove fire damage items, and perform electrical work. *Id.* ¶¶ 22–25.

After these repairs, the Terrells noticed that their lights now flickered. ECF No. 1-2 ¶ 26. They then hired "several professionals" who allegedly uncovered that the repairs made at Liberty Insurance's behest used materials that "could not be safely spliced to the existing knob and tube wiring" and that a complete repair of the home would require replacing "all of the wiring." *Id.* ¶¶ 27–29. Liberty Insurance, however, "refused to cover" replacing the home's wiring, arguing that doing so would be a "code upgrade" outside the coverage of the Terrells' insurance policy. *Id.* ¶ 30 (internal quotations omitted). The Terrells allege they then began experiencing delays and other dilatory conduct from Liberty Insurance, which has "refused to participate in any appraisal related to the damage to the electrical panel and wiring, and has denied continued coverage [of] that part of [the Terrells'] claim." *Id.* ¶ 36; *see generally id.* ¶¶ 33–53.

In February 2025, the Terrells sued Liberty Insurance in D.C. Superior Court. ECF No. 1 ¶¶ 2–3. Liberty Insurance then timely removed the case to this Court under diversity jurisdiction, *id.* ¶¶ 4–5, and moved to dismiss in part under Federal Rule of Procedure 12(b)(6). ECF No. 6.

## II.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

account matters outside the pleadings converts a motion to dismiss into a motion for summary judgment). The Court's recitation of factual allegations thus draws exclusively from the complaint itself.

556 U.S. 662, 678 (2009) (cleaned up).  For purposes of a motion under the Rule, "each request for damages"—or other form of relief—"constitutes a distinct 'claim'" that may be assessed for plausibility.  *Muir v. Navy Fed. Credit Union*, 204 F. App'x 896, 897 (D.C. Cir. 2006) (internal citations omitted).  A claim is "plausible when it contains factual allegations that, if proved, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017) (internal quotations omitted).  In assessing plausibility, "the Court must accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor."  *Id.* (cleaned up).  Because this case is in federal court under diversity jurisdiction, Liberty Insurance's liability is assessed under District of Columbia law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79–80 (1938).

## III. Analysis

In the complaint, the Terrells appear to bring two substantive counts against Liberty Insurance: one for breaching their insurance contract, ECF No. 1-2 ¶¶ 19–53; and a second for engaging in the tort of "BAD FAITH"—"delay tactic[s] aimed at diminishing [their] rights under the policy agreement," *id.* ¶¶ 47–53.  As relief, the Terrells seek, among other things, awards of both punitive damages and attorneys' fees.  *See id.* at 8.  Liberty Insurance moves to dismiss the bad faith tort claim, as well as the requests for punitive damages and attorneys' fees.  *See* ECF No. 6 at 1.  For the reasons set forth below, the Court will dismiss the first two, but not the third.

### A.     The Bad Faith Claim and Punitive Damages Request Will Be Dismissed

The Terrells appear to bring a claim against Liberty Insurance for "delay" in doing work that amounts to "bad faith."  ECF No. 1-2 at 6.  Yet the parties agree that the District of Columbia does not recognize the tort of bad faith in disputes over contracts, including insurance contracts.  *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087–88 (D.C. 2008); *see also* ECF No.

3

6-1 at 3–5; ECF No. 9 at 5. Only "when there are facts separable from the . . . contract upon which the tort may independently rest and when there is a duty independent of that arising out of the contract itself," can a tort action be sustained. *Choharis*, 961 A.2d at 1089. Better said, "[t]he tort must stand as a tort even if the contractual relationship did not exist." *Id.*

But there is no tort here—indeed, no lawsuit at all—if the contract between the Terrells and Liberty Insurance did not exist. As alleged in their complaint, the Terrells' bad faith claim arises directly from their insurance contract and is not separable from it. In fact, the Terrells note "Delay in Service" as the basis for their claim—service allegedly required by the policy agreement in dispute. ECF No. 1-2 § IV. They do not allege (or argue in their opposition) that Liberty Insurance had a duty beyond that implied in every contract (good faith and fair dealing), and they fail to allege any facts separable from the terms of their contract to support an independent bad faith tort claim. The Terrells thus fail to state a claim of bad faith upon which relief can be granted under District of Columbia law.

In response, the Terrells rely on *Nugent v. Unum Life Insurance Co. of America*, 752 F. Supp. 2d 46 (D.D.C. 2010), for the proposition that claims for breach of the implied covenant of good faith and fair dealing are viable under D.C law. *Id.* at 56–57. But the Terrells have conflated the tort of *bad* faith with the breach of the implied covenant of *good* faith, which is simply a subspecies of breach of contract. *See Choharis*, 961 A.2d at 1087 ("Under District of Columbia law, every contract contains within it an implied covenant of . . . good faith and damages may be recovered for its breach as part of a contract action."). And, to repeat, the Terrells assert a separate claim for breach of contract that is not the subject of Liberty Insurance's motion. *See* ECF No. 6 at 1. Thus, *Nugent* gets them nowhere as far as a standalone tort claim for bad faith is concerned. To the extent the Terrells have alleged such a claim, it must be dismissed.

4

With the dismissal of their bad faith tort claim, the only remaining count in the Terrells' complaint is for breach of contract. But "[w]here the basis of a complaint is, as here, a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious, unless the breach 'merges with and assumes the character of a willful tort.'" *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982) (quoting *Brown v. Coates*, 253 F.2d 36, 39 (D.C. Cir. 1958)) (cleaned up). The Terrells have alleged no facts to support a breach that would merge with and assume the character of a willful tort under District of Columbia law. And in any event, they failed to respond to Liberty Insurance's argument with respect to punitive damages, and therefore conceded it. *Day v. D.C. Dep't of Consumer & Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002). So the Court will dismiss the Terrells' request for punitive damages as well.

### B. The Attorneys' Fees Request Will Not Be Dismissed

The Terrells' request for attorneys' fees is another matter. Though the District of Columbia follows the "American Rule" by default, where each side bears its own attorneys' fees, the prevailing party is permitted to recover attorneys' fees if they can demonstrate that the other side "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Jung v. Jung*, 844 A.2d 1099, 1107 (D.C. 2004); *see also Estate of Raleigh v. Mitchell*, 947 A.2d 464, 473 (D.C. Cir. 2008) (holding that the District of Columbia follows the American Rule). The Terrells seemingly seek to trigger this exception to the American Rule, labelling Liberty Insurance's alleged dawdling and subpar performance under the policy agreement as "vexatious." *See generally* ECF No. 9 at 2–7. Liberty Insurance counters that their conduct just "demonstrate[s] a dispute over the extent of coverage and the scope of repairs," nothing more, and argues that the request for attorneys' fees should be dismissed just like the request for punitive damages. ECF No. 11 at 5.

But unlike the request for punitive damages, in light of their allegations, the Court cannot say it is implausible that the Terrells will recover attorneys' fees, even if whether they ultimately *will* turns on unresolved questions of fact related to Liberty Insurance's conduct. The District of Columbia Court of Appeals recognizes that an insurer that engaged in "an unfounded refusal to pay" might be on the hook for attorneys' fees, and that "evidence as to the reasonableness or good faith of the insurer in refusing to pay is admissible in an action for attorney's fee based on vexatious refusal to pay." *Continental Ins. Co. v. Lynham*, 293 A.2d 481, 483 (D.C. 1972). At this early stage, the Court will not prohibit the Terrells from moving for attorneys' fees under the bad faith exception to the American Rule if they prevail in this suit. Fed. R. Civ. P. 54(d)(2)(A). Indeed, Liberty Insurance points to no case in which a Court has prohibited a plaintiff from doing so at this stage, so under similar circumstances.

Liberty Insurance objects that some courts have concluded that the District of Columbia does not recognize a distinct cause of action for attorney's fees. *See Harford Mut. Ins. v. New Ledroit Park Bldg. Co.*, 313 F. Supp. 3d 40, 48 (D.D.C. 2018). True enough, but that is not the issue here. While the Terrells have requested "reasonable costs and fees" in their prayer for relief, they do not assert it as a standalone cause of action. ECF No. 1-2 § IV. Nor is it obvious why they would seek to do so—they advance a breach of contract claim that Liberty Insurance has not sought to dismiss. Thus, their situation is unlike that of the defendants in *Harford*, where the defendants' counterclaim complaint failed to assert *any* independent theory of liability and simply sought attorneys' fees. *Compare Harford*, 313 F. Supp. 3d at 48–49, *with* ECF No. 1-2 § IV. Thus, the Court denies Liberty Insurance's partial motion to dismiss as to the Terrells' request for reasonable costs and fees.

## IV. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendant's Partial Motion to

Dismiss, ECF No. 6, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that it requests the dismissal of Plaintiffs' bad faith tort claim and prayer for punitive damages, which are **DISMISSED**. The motion is **DENIED** to the extent it requests the dismissal of Plaintiffs' prayer for reasonable costs and fees.

    **SO ORDERED**.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: January 16, 2026